United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 17, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-35208 |
| HARRY LANDRY, JR., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 13 |

### ORDER AND MEMORANDUM OPINION

Debtor, Harry Landry, Jr., moves *pro se* for the Court to reconsider its Order Modifying Automatic Stay and Compelling Debtor to Vacate Home. ECF No. 89. For the reasons explained below, Mr. Landry's motion is denied.

### BACKGROUND

On December 4, 2025, the Court modified the automatic stay allowing the Receiver to proceed with the execution of state court orders to sell the property located at 3134 Prosperity South Drive (formerly, Confederate South Drive), Missouri City, Texas 77459 (the "Property"). ECF No. 81.

On December 8, 2025, Mr. Landry moved to extend the deadline by which he had to vacate the Property. ECF No. 84. The Court denied Mr. Landry's motion. ECF No. 86.

Mr. Landry now moves for the Court to reconsider its order based on his allegation that underlying liens were obtained by fraud. ECF No. 89, at 1. Mr. Landry claims that there are eleven false liens on the property. *Id.*

Mr. Landry's motion states that he is requesting the Court reconsider its order because these allegedly false liens affect the amount of money he may receive.  He also wants the Court to reconsider giving him the opportunity to refinance the property.  *Id.*

## JURISDICTION & VENUE

28 U.S.C. § 1334 provides the District Courts with jurisdiction over this proceeding.  28 U.S.C. § 157(b)(1) states "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."  The Court has jurisdiction over this proceeding as it is a core proceeding the Court can consider under 28 U.S.C. § 157(b)(2)(A).  This proceeding has been referred to the Bankruptcy Court under General Order 2012-6.  The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486−87 (2011).  Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## LEGAL STANDARD

Bankruptcy Rule 9023 provides that Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases regarding granting a new trial or altering or amending a judgment, subject to certain exceptions not relevant here.  Fed. R. Bankr. P. 9023(a).  Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  And as the Fifth Circuit has explained:

> The text of Rule 59(e) does not specify the available grounds for obtaining such relief. But our court has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence"—not for raising arguments "which could, and should, have been made before the judgment issued."  *Faciane v. Sun Life*

> *Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019)
> (quotation omitted).  We have further noted that Rule 59(e)
> allows a party to alter or amend a judgment when there
> has been an intervening change in the controlling law.  *See*
> *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68
> (5th Cir. 2003).

*Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 396 (5th Cir. 2021).  As
Chief Judge Rodriguez recently stated when ruling on a motion for
reconsideration:

> These grounds are narrowly construed to ensure that a
> party is not utilizing the extreme remedy under Rule 59(e)
> to relitigate the same matters that have already been
> determined by the court.[27] Accordingly, a court should deny
> a motion to amend if it is used to present arguments that
> "could, and should, have been made before the judgment
> issued."

*Buckingham v. Pearl Resources LLC* (*In re Pearl Resources, LLC*),
No. 20-31585, Adv. No. 20-3169, 2025 WL 1789738, at *3. (Bankr.
S.D. Tex. June 27, 2025) (footnotes omitted).

## DISCUSSION

As set forth on the record on December 4, 2025, the Court
modified the automatic stay for cause.  *See* 11 U.S.C. § 362(d)(1).  Mr.
Landry's motion does not allege that the Court made any manifest error
of law or fact.  While Mr. Landry's motion does make a new argument,
it does not present "newly discovered evidence."  Mr. Landry's motion—
even liberally construed—fails.[1]

The bare allegations in Mr. Landry's motion do not state any facts
at all with respect to the alleged fraud.  The law requires that fraud be
pled with particularity with respect to the circumstances constituting

---

[1] The Court must construe filings by *pro se* litigants liberally.  <u>*See Haines v. Kerner*</u>,
404 U.S. 519, 520 (1972).

fraud.  *See* FED. R. CIV. P. 9(b).  The attached exhibits do not demonstrate that any fraud has plausibly occurred.

Even if Mr. Landry's allegations were taken as true, they do not affect the grounds underlying the Court's decision to modify the automatic stay.  At best, the arguments might control what liens should be paid from the proceeds.  The Court has not made any decision on the allocation of the proceeds; indeed, that may be a matter best left to the State Court.

The Court's order modifying the stay explicitly reserves allocating the proceeds from the sale of the Property for a later date after notice and hearing.  ECF No. 81, at 2.  Mr. Landry's arguments regarding the liens in his motion are not properly before the Court.

Mr. Landry's request for the Court to give him the opportunity to refinance the property is also not properly before the Court.  He has gone many years after having been ordered to pay the mortgage without refinancing the property.  The Court will consider whether he may refinance the property when he presents a refinancing opportunity.  In the meantime, the sale process will proceed.  On a motion to reconsider, the Court need not consider arguments that could have been, but were not, made.  *In re Pearl Resources, LLC*, 2025 WL 1789738, at *3.

## CONCLUSION

For the reasons explained above, Mr. Landry's motion to reconsider, ECF No. 89, is denied.

SIGNED 12/17/2025

_____
Marvin Isgur
United States Bankruptcy Judge